IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | | |
|---|---|---|
| ACANTHA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge: William C. Griesbach |
| v. | ) | |
| | ) | Case No. 15-C-_____ |
| DEPUY SYNTHES SALES, INC., | ) | |
| DEPUY SYNTHES PRODUCTS, INC., | ) | |
| DEPUY SYNTHES, INC., JOHNSON & | ) | JURY TRIAL DEMANDED |
| JOHNSON, INC., SYNTHES, INC., | ) | |
| SYNTHES USA, LLC, DEPUY | ) | |
| ORTHOPAEDICS, INC., and DEPUY | ) | |
| SPINE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Acantha LLC files this Complaint against Defendants DePuy Synthes Sales,

Inc., DePuy Synthes Products, Inc., DePuy Synthes, Inc., Johnson & Johnson, Inc., Synthes, Inc.,

Synthes USA, LLC, DePuy Orthopaedics, Inc., and DePuy Spine, LLC for patent infringement

under 35 U.S.C. § 271 and alleges, based on its own personal knowledge with respect to its own

actions and based upon information and belief with respect to all others' actions, as follows:

### THE PARTIES

1.     Plaintiff Acantha LLC (hereinafter "Plaintiff" or "Acantha") is a limited liability

corporation organized and existing under the laws of the State of Delaware with its sole members

residing in Wisconsin, Illinois, and California.

2.     Defendant DePuy Synthes Sales, Inc., is a corporation organized and existing

under the laws of the Commonwealth of Massachusetts, with its principal place of business at

-1-

325 Paramount Drive, Raynham, Massachusetts 02767. DePuy Synthes Sales, Inc. has designated CT Corporation System at 155 Federal Street, Suite 700, Boston, Massachusetts 02110 as its agent for service of process. DePuy Synthes Sales, Inc. is a subsidiary of Johnson & Johnson, Inc.

3.     Defendant DePuy Synthes Products, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933. DePuy Synthes Products, Inc. has designated The Corporation Trust Company at Corporation Trust Center, Wilmington, Delaware 19801 as its agent for service of process. DePuy Synthes Products, Inc. is a subsidiary of Johnson & Johnson, Inc.

4.     Defendant DePuy Synthes, Inc. is a corporation organized and existing under the laws of the State of Delaware. DePuy Synthes, Inc. is a subsidiary of Johnson & Johnson, Inc., and has designated The Corporation Trust Company at Corporation Trust Center, Wilmington, Delaware 19801 as its agent for service of process.

5.     Defendant Johnson & Johnson, Inc. is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933. Johnson & Johnson, Inc. has designated S. M. Rosenberg at One Johnson & Johnson Plaza, New Brunswick, New Jersey 08933 as its agent for service of process.

6.     Defendant Synthes, Inc. is a corporation organized and existing under the laws of the State of Delaware. Synthes, Inc. is a subsidiary of Johnson & Johnson, Inc., and has designated The Corporation Trust Company at Corporation Trust Center, Wilmington, Delaware 19801 as its agent for service of process.

-2-

7. Defendant Synthes USA, LLC is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1302 Wrights Lane East, West Chester, Pennsylvania 19380. Synthes USA, LLC has designated The Corporation Trust Company at Corporation Trust Center, Wilmington, Delaware 19801 as its agent for service of process. Synthes USA, LLC is a subsidiary of Johnson & Johnson, Inc.

8. Defendant DePuy Orthopaedics, Inc. is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business at 700 Orthopaedic Drive, Warsaw, Indiana 46581. DePuy Orthopaedics, Inc. has designated CT Corporation System at 150 West Market Street, Suite 800, Indianapolis, Indiana 46204 as its agent for service of process. DePuy Orthopaedics, Inc. is a subsidiary of Johnson & Johnson, Inc.

9. Defendant DePuy Spine, LLC is a limited liability corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 325 Paramount Drive, Raynham, Massachusetts 02767. DePuy Spine, LLC has designated CT Corporation System at 1300 East Ninth Street, Cleveland, Ohio 44114 as its agent for service of process. DePuy Spine, LLC is a subsidiary of Johnson & Johnson, Inc.

## JURISDICTION AND VENUE

10. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Johnson & Johnson, Inc., Synthes, Inc., Synthes USA, LLC, DePuy Orthopaedics, Inc., DePuy Spine, LLC, DePuy Synthes, Inc., DePuy Synthes Products, Inc., and DePuy Synthes Sales, Inc. (collectively, "Defendants"). Defendants conduct business and have committed acts of patent infringement and/or have induced acts of

patent infringement by others in this district and/or have contributed to patent infringement by others in this district, the State of Wisconsin, and elsewhere in the United States.

12.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, the Defendants are subject to personal jurisdiction in this district, have regularly conducted business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

## PATENTS-IN-SUIT

13.     On July 17, 2001, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,261,291 (the "'291 patent"), entitled "Orthopedic Implant Assembly." A true and correct copy of the '291 patent is attached hereto as Exhibit A.

14.     The '291 patent was later reissued as U.S. Patent No. RE43,008 (the "'008 patent") which was duly and legally issued by the United States Patent and Trademark Office on December 6, 2011.  A true and correct copy of the '008 patent is attached hereto as Exhibit B.

15.     Acantha LLC owns all rights, title, and interest in and to the '008 patent (the "patent-in-suit") and possesses all rights of recovery.

## FACTUAL ALLEGATIONS

16.     The patent-in-suit generally covers an orthopedic implant assembly, for which the primary use is joining bone segments, that durably and securely attaches to the bone, and methods of use thereof.

17.     In 1998, Johnson & Johnson acquired DePuy for $3.7 billion.

18.     In or about March 2002, Mr. David Talaber, one of the two co-inventors of the patent-in-suit, sent a letter to Mr. Chris Fair, Director of Marketing at DePuy Acromed (later

-4-

renamed DePuy Spine in 2003), informing Mr. Fair of Acantha's recently issued '291 patent and attaching a copy of the '291 patent.

19. In or about March 2002, Mr. Talaber sent a letter to Ms. Nisra Thongpreda, Manager of Product Development Spine at Synthes Spine (now part of the DePuy Synthes companies of Johnson & Johnson), informing Ms. Thongpreda of Acantha's recently issued '291 patent and attaching a copy of the '291 patent.

20. In or about March 2002, Mr. Talaber had a conversation with Ms. Brenda Colonius of DePuy Orthopaedics, informing Ms. Colonius of Plaintiff's recently issued '291 patent. Following that conversation, Mr. Talaber sent Ms. Colonius a letter attaching a copy of the '291 patent.

21. In or about March 2002, Mr. Talaber sent a letter to Dr. Jorge Ochoa, Vice President of Research and Development at DePuy Orthopaedics, informing Dr. Ochoa of Acantha's recently issued '291 patent and attaching a copy of the '291 patent.

22. In or about March 2002, Mr. Talaber sent a letter to Ms. Anita Berzin Mraz, New Product Development at Codman Neuro (a Johnson & Johnson company), informing Ms. Mraz of Acantha's recently issued '291 patent and attaching a copy of the '291 patent.

23. In the summer of 2006, Mr. Talaber and Dr. James Lloyd, the two co-inventors of the patent-in-suit, and Mr. Mark Schroeder, were introduced to Mr. Steve Lampkin, Area Vice President – Midwest at DePuy Spine. Mr. Talaber, Dr. Lloyd, and Mr. Schroeder met with Mr. Lampkin in Kohler, Wisconsin, to discuss certain problems plaguing DePuy's current spinal implants and how Acantha's technology would solve those problems. Shortly thereafter, Dr. Lloyd traveled to DePuy's headquarters in Raynham, Massachusetts to speak with Mr. Lampkin, Mr. Aldo Denti, Director of Marketing – Cervical Devices, Mr. G. Joseph Ross, Worldwide Vice

-5-

President – New Business Development, Mr. William Christianson, Worldwide Vice President – Regulatory Affairs, Dr. Richard M. Toselli, Worldwide Vice President – Research & Development, and Dr. Ian Burgess, Vice President of Research & Development.

24.     Around this same time period, representatives of DePuy took the time to review Acantha's intellectual property with their legal department, which included monitoring the status of Acantha's reissue application that was eventually granted as the '008 patent.

25.     In September 2006, Mr. Ross and Mr. Denti spoke with Dr. Lloyd and Mr. Talaber to discuss the possibility of taking a license to Acantha's intellectual property, including the reissue application that was eventually granted as the '008 patent.

26.     In 2011, Johnson & Johnson agreed to acquire Synthes Inc. for $21.3 billion.  The transaction was completed in 2012.

27.     Although not the basis for instituting this lawsuit, beginning in early 2014 through mid-2015, Acantha again had discussions with Defendants regarding a possible license to or purchase of the '008 patent.  As part of those discussions, Acantha spoke directly with Mr. Marc Peterman, Worldwide Vice President – Product Development at DePuy Synthes Spine and Mr. David Lane, Assistant General Counsel – Patents of Johnson & Johnson.

28.     None of the Defendants has any rights to the '008 patent or to the '291 patent.

29.     Defendants are in the business of, among other things, designing, developing, manufacturing, using, selling and/or importing medical devices.

30.     The Zero-P VA System is a set of implants and instruments designed for stand-alone anterior stabilization of the cervical spine.  This system features a one-step blocking mechanism and variable angle screws.

-6-

31.     The Vectra, Vectra-T, and Vectra-One family of products consists of plate and screw fixation systems for the anterior cervical spine.  These product systems feature one-step locking screws in variable- and fixed-angle configurations.

32.     Defendants make, use, offer to sell, sell and/or import the Zero-P VA, Vectra, Vectra-T, and Vectra-One systems within the United States.

33.     Defendants have committed and continue to commit acts of infringement under 35 U.S.C. § 271 (i) with any version of its Zero-P VA system of instruments and implants; and (ii) with any version of its Vectra, Vectra-T, and Vectra-One systems of instruments and implants (collectively referred to as the "Accused Instrumentalities").  In committing these acts of infringement, Defendants acted despite an objectively high likelihood that their actions constituted infringement of at least one valid patent, and Defendants knew or should have known that their actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent.

34.     Questions of fact common to all Defendants exist and will arise in this action.

**COUNT ONE: PATENT INFRINGEMENT**

35.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

36.     As described below, Defendants have infringed and continue to infringe the patent-in-suit.

37.     The Accused Instrumentalities meet claims of the patent-in-suit.

38.     Defendants make, use, offer to sell, sell and/or import the Accused Instrumentalities within the United States or into the United States without authority from Plaintiff.

-7-

39.     Defendants therefore infringe the patent-in-suit under 35 U.S.C. § 271(a).

40.     Defendants have actual knowledge of the patent-in-suit.

41.     Defendants indirectly infringe the patent-in-suit by inducing infringement by others, such as distributors, hospitals, and surgeons by, for example, encouraging distributors to advertise and sell the Accused Instrumentalities to hospitals and surgeons within the United States, instructing and encouraging hospitals and surgeons to purchase and use the Accused Instrumentalities in the United States, and instructing surgeons how to use the Accused Instrumentalities in the United States.  For example, Defendants offer instruction via their promotional materials, their website, and surgical technique guides.  *See, e.g.*, Exhibits C, D.

42.     Defendants took the above actions intending to cause infringing acts by others.

43.     Defendants were aware of the patent-in-suit and knew that the others' actions, if taken, would constitute infringement of the '008 patent.  Alternatively, Defendants believed there was a high probability that others would infringe the patent-in-suit but remained willfully blind to the infringing nature of others' actions.

44.     Defendants therefore infringe the patent-in-suit under 35 U.S.C. § 271(b).

45.     Defendants indirectly infringe the patent-in-suit by contributing to infringement by others, such as distributors, hospitals, and surgeons, by offering to sell and/or selling within the United States products that contain components that constitute a material part of the inventions claimed in the patent-in-suit, and components of products that are used to practice one or more processes/methods covered by the claims of the patent-in-suit.  Such components are, for example, each of the various instruments included in each of the Accused Instrumentalities.

46.     In the above offering to sell and/or selling, Defendants know that these components are especially made or especially adapted for use in an infringement of the patent-in-

-8-

suit and that these components are not a staple article or commodity of commerce suitable for substantial non-infringing use.  Alternatively, Defendants believe there is a high probability that others would infringe the patent-in-suit but remain willfully blind to the infringing nature of others' actions.

47.     Defendants therefore infringe the patent-in-sit under 35 U.S.C. § 271(c).

48.     Defendants' acts of infringement have caused damage to Plaintiff.  Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.  In addition, the infringing acts and practices of Defendants have caused, are causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

49.     Defendants have committed and continue to commit acts of infringement under 35 U.S.C. § 271 with the Accused Instrumentalities.  In committing these acts of infringement, Defendants have acted despite an objectively high likelihood that their actions constituted infringement of a valid patent, and Defendants actually know or should have known that their actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent.

50.     Defendants' infringement of the patent-in-suit has been and continues to be willful.

51.     To the extent that Defendants release any new version of the Accused Instrumentalities, such instrumentalities will meet the claims of the patent-in-suit and infringe the patent-in-suit under 35 U.S.C. §§ 271(a)–(c) in ways analogous to Defendants' current infringement described above.

-9-

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

1.      A judgment that Defendants have directly infringed the patent-in-suit, contributorily infringed the patent-in-suit, and/or induced the infringement of the patent-in-suit;

2.      A preliminary and permanent injunction preventing the Defendants and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from directly infringing, contributorily infringing, and/or inducing the infringement of the patent-in-suit;

3.      A judgment that Defendants' infringement of the patent-in-suit has been willful;

4.      A ruling that this case is exceptional under 35 U.S.C. § 285, and a judgment awarding to Plaintiff its attorneys' fees incurred in prosecuting this action;

5.      A judgment and order requiring Defendants to pay Plaintiff damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and enhanced damages for willful infringement as provided by 35 U.S.C. § 284;

6.      A judgment and order requiring Defendants to pay Plaintiff the costs of this action (including all disbursements);

7.      A judgment and order requiring Defendants to pay Plaintiff pre-judgment and post-judgment interest on the damages award;

8.      In the event a permanent injunction preventing future acts of infringement is not granted, a judgment and order awarding Plaintiff a compulsory ongoing licensing fee; and

9.      Such other and further relief as the Court may deem just and proper.

-10-

Dated: October 21, 2015.

**LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.**

By:    s/T. Wickham Schmidt
        T. Wickham Schmidt
        Wisconsin State Bar No. 1062002
        Email:  TWS@lcojlaw.com
        231 South Adams Street
        P.O. Box 23200
        Green Bay, WI  54305-3200
        Telephone:  (920) 437-0476
        Facsimile:  (920) 437-2868

**CALDWELL CASSADY & CURRY**
        Bradley W. Caldwell
        Texas State Bar No. 24040630
        Email:  bcaldwell@caldwellcc.com
        Jason D. Cassady
        Texas State Bar No. 24045625
        Email:  jcassady@caldwellcc.com
        John Austin Curry
        Texas State Bar No. 24059636
        Email:  acurry@caldwellcc.com
        Jason S. McManis
        Texas State Bar No. 24088032
        Email: jmcmanis@caldwellcc.com
        **CALDWELL CASSADY & CURRY**
        2101 Cedar Springs Road, Suite 1000
        Dallas, Texas 75201
        Telephone: (214) 888-4848
        Facsimile: (214) 888-4849

**ATTORNEYS FOR PLAINTIFF ACANTHA LLC**

-11-