UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| ACANTHA LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPUY SYNTHES SALES, INC., DEPUY SYNTHES PRODUCTS, INC., DEPUY SYNTHES, INC., JOHNSON & JOHNSON, INC., SYNTHES, INC., SYNTHES USA, LLC, DEPUY ORTHOPAEDICS, INC., and DEPUY SPINE, LLC,<br><br>    Defendants. | **Civil Action No. 1:15-cv-01257**<br><br>Judge William C. Griesbach<br><br>Jury Trial Demanded |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO STAY PENDING *INTER PARTES* REVIEW**

## TABLE OF CONTENTS

                                                                               **Page**

I. Background ................................................................................................................ 2
II. Applicable Legal Standards ....................................................................................... 3
III. Defendants' Motion For A Stay Should Be Granted .................................................. 4
    A. The Requested Stay Will Reduce The Burden Of Litigation On The Parties And The Court .................................................................................. 4
    B. The Requested Stay Will Simplify The Issues And Streamline Any Trial ............ 6
    C. The Requested Stay Will Not Prejudice or Disadvantage Acantha ..................... 10
IV. Conclusion ................................................................................................................ 14

# TABLE OF AUTHORITIES

Page

**CASES**

*Allied Erecting and Dismantling Co. v. Genesis Equip. and Mfg., Inc.*,
  No. 4:08CV589, 2010 U.S. Dist. LEXIS 92851 (N.D. Ohio Aug. 16, 2010)..........................11

*Audio MPEG, Inc. v. Hewlett-Packard Com.*,
  No. 2:15CV73, 2015 U.S. Dist. LEXIS 126014 (E.D. Va. Sept. 15, 2015) ..........................6, 8

*Black & Decker v. Positec USA, Inc.*,
  No. 13C3075, 2013 U.S. Dist. LEXIS 153795 (N.D. Ill. Oct. 1, 2013) .....................................7

*Delphix Corp. v. Actifio, Inc.*,
  No. 13CV04613-BLF, 2014 U.S. Dist. LEXIS 160372 (N.D. Cal. Nov. 13,
  2014) ......................................................................................................................................7

*DSS Tech. Mgmt. v. Apple, Inc.*,
  No. 14-CV-05330-HSG, 2015 U.S. Dist. LEXIS 57704 (N.D. Cal. May 1,
  2015) ......................................................................................................................................7

*e-Watch, Inc. v. Flir Sys.*,
  No. H-13-0638, 2013 U.S. Dist. LEXIS 133106 (S.D. Tex. Aug. 8, 2013) ..............................7

*Evolutionary Intelligence, LLC v. Facebook, Inc.*,
  Nos. C13-4202SI, C13-4204SI, 2014 U.S. Dist. LEXIS 9149 (N.D. Cal. Jan.
  23, 2014)
  ...........................................................................................................................4, 7, 10, 11

*Fellowes, Inc. v. Aurora Corp. of Am.*,
  No. 07 C 7237, 2009 U.S. Dist. LEXIS 9595 (N.D. Ill. Feb. 10, 2009) ....................................4

*Finjan, Inc. v. Symantec Corp.*,
  No. 14-CV-02998-HSG, 2015 U.S. Dist. LEXIS 138561 (N.D. Cal. Oct. 9,
  2015) ...................................................................................................................................5, 8

*Generac Power Sys. Inc. v. Kohler Co.*,
  807 F. Supp. 2d 791 (E.D. Wis. 2011)..................................................................................4, 5

*Grobler v. Sony Computer Entm't Am. LLC*,
 No. 12-cv-01526-JST, 2013 U.S. Dist. LEXIS 187625 (N.D. Cal. June 6,
 2013) ............................................................................................................................. 7

*Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*,
 No. 14C856, 2014 U.S. Dist. LEXIS 73412 (N.D. Ill. May 29, 2014) .............................. 12, 13

*Intellectual Ventures II LLC v. Huntington Bancshares, Inc.*,
 No. 2:13CV00785, 2014 U.S. Dist. LEXIS 78753 (S.D. Ohio June 10, 2014) ............... 5, 9, 10

*Intellectual Ventures II LLC v. U.S. Bancorp*,
 No. 13-2071, 2014 U.S. Dist. LEXIS 153638 (D. Minn. Aug. 7, 2014) ......................... 7, 9, 11

*IXI Mobile (R&D) Ltd. v. Samsung Elecs. Co.*,
 Nos. 15-CV-03752, 03754, 03755, 2015 U.S. Dist. LEXIS 153465 (N.D. Cal.
 Nov. 12, 2015) ............................................................................................................. 7, 8

*P&G v. CAO Group, Inc.*,
 No. 1:13CV337, 2014 U.S. Dist. LEXIS 98739 (S.D. Ohio July 21, 2014) ....................... 7, 10

*Pac. Bioscience Labs., Inc. v. Pretika Corp.*,
 760 F. Supp. 2d 1061 (W.D. Wash. 2011) ............................................................................ 11

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
 Nos. 5:13CV01356, 01358, 01359, 2014 U.S. Dist. LEXIS 4095 (N.D. Cal.
 Jan. 13, 2014) .......................................................................................................................... 6

*Procter & Gamble Co. v. Kraft Foods Global, Inc.*,
 549 F.3d 842 (Fed. Cir. 2008) ................................................................................................. 3

*Radio Sys. Corp. v. E. Mishan & Sons, Inc.*,
 No. 3:13-cv-383, 2014 U.S. Dist. LEXIS 65975 (E.D. Tenn. Mar. 28, 2014) .................. 11, 12

*Sec. People, Inc. v. Ojmar US, LLC*,
 No. 14-cv-04968-HSG, 2015 U.S. Dist. LEXIS 70011 (N.D. Cal. May 29,
 2015) ............................................................................................................................. 4, 7, 8

*Select Brands v. Sensio, Inc.*,
 No. 13-2108-KHV-GLR, 2013 U.S. Dist. LEXIS 172914 (D. Kan. Sept. 27,
 2013) ............................................................................................................................. 5, 6, 7

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
 No. SACV 12-21-JST, 2012 U.S. Dist. LEXIS 186322 (C.D. Cal. Dec. 19,
 2012) ..............................................................................................................................11

*Smart Modular Techs., Inc. v. Netlist, Inc.*,
 No. 2:12-CV-02319-TLN-EFB, 2013 WL 2384342 (E.D. Cal. May 30, 2013) .......................4

*Software Rights Archive, LLC v. Facebook, Inc.*,
 Nos. C-12-3970, 3971, 3972, 2013 U.S. Dist. LEXIS 133707 (N.D. Cal. Sept.
 17, 2013) .......................................................................................................................7, 11

*Sonics, Inc. v. Arteris, Inc.*,
 No. C11-05311SBA, 2013 U.S. Dist. LEXIS 17524 (N.D. Cal. Feb. 8, 2013).......................12

*Transocean Offshore Deepwater Drilling, Inc. v. Seadrill Ams., Inc.*,
 No. H-15-144, 2015 U.S. Dist. LEXIS 143855 (S.D. Tex. Oct. 22, 2015) ................................7

*Ultratec, Inc. v. Sorenson Commc'ns., Inc.*,
 No. 3:13-cv-00346-bbc, 2015 U.S. Dist. LEXIS 62561 (W.D. Wis. May 13,
 2015) ..............................................................................................................................9, 10

**STATUTES**

35 U.S.C. § 252...................................................................................................................................2

35 U.S.C. § 313...................................................................................................................................3

35 U.S.C. § 314(b).............................................................................................................................3

**OTHER AUTHORITIES**

37 C.F.R. § 42.107(b) .......................................................................................................................3

Fed. R. Civ. P. 12(b)(6).....................................................................................................................1

Defendants DePuy Synthes Sales, Inc. ("DSS"), DePuy Synthes Products, Inc., DePuy Synthes, Inc., Johnson & Johnson, Synthes, Inc., Synthes USA, LLC, DePuy Orthopaedics, Inc. and DePuy Spine, LLC (collectively, "Defendants"), by and through their attorneys, move this Court to stay these proceedings pending *inter partes* review ("IPR"). DSS has filed requests for IPR before the United States Patent and Trademark Office Patent Trial and Appeal Board ("PTAB") to challenge the validity of United States Patent No. RE43,008 ("the '008 patent"), owned by Plaintiff Acantha LLC ("Acantha"). (IPR2016-00329, IPR2016-00333, and IPR2016-00334). The validity of the '008 patent is critical to resolving Acantha's patent infringement claims, and this Court should grant Defendants' motion and stay this case pending that review because all of the relevant factors weigh heavily in favor of a stay.

*First,* this case is truly in its infancy. Defendants have filed a Motion to Dismiss and nothing else has happened.[1] The parties have not even conducted a Rule 26(f) conference. Given the strong likelihood that the issues will be different upon conclusion of the IPR proceedings, staying this case now before any effort has been invested to litigate the merits will save the Court and the parties from litigating issues that may become moot. *Second*, the IPRs will simplify the case for trial. All of the claims of the '008 patent that Acantha has asserted against Defendants, and additional claims as well, are affected by the IPR requests. It is likely that the PTAB will grant the requested IPRs and that some (or all) of the claims will be found to be unpatentable as a result. In fact, the IPRs may moot this case entirely. *Third*, the requested stay will not unduly prejudice or disadvantage Acantha. Acantha is a non-practicing entity and

---

[1] Defendants have concurrently filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. Nos. 29, 30. Despite that motion, the requested stay is still necessary, and should be granted, in the event that the motion to dismiss is denied, or if Acantha is permitted to file an amended complaint.

licensor that can be fully compensated by money damages in the unlikely event that Defendants are found liable for patent infringement. Indeed, Acantha's lengthy delay in bringing suit and its failure to seek preliminary injunctive relief are strong indicators that staying these proceedings will not prejudice Acantha.

For these reasons, and as explained more fully herein, Defendants ask that this case be stayed until completion of the IPR process.

**I.   BACKGROUND**

The '008 patent is a reissue patent. The original patent – U.S. Patent No. 6,261,291 ("the '291 patent") – issued in 2001. Acantha alleges that, beginning in 2002, it contacted numerous entities regarding its recently issued '291 patent, including at least one of the named Defendants. Dkt. No. 1 at ¶¶ 18-22. The accused products were first sold on the open market in 2005. Acantha says that it spoke with various representatives of a predecessor entity of at least one of the named Defendants in 2006 regarding a potential license to Acantha's purported intellectual property. *Id*. at ¶¶ 23, 25. Yet, Acantha never filed a lawsuit for infringement of the '291 patent.[2]

The '008 patent issued in 2011. Even then, despite the fact that most, if not all, of the products accused of infringement in this case were being openly sold at that time, and despite the fact that Acantha was seemingly monitoring the spinal implant market (*see id*. at ¶¶ 18-25), Acantha did not contact any of the Defendants about alleged infringement until 2014. *Id*. at ¶ 27. After first contacting representatives of one of the Defendants in early 2014, Acantha still did not file the instant lawsuit until October 2015 – more than a year and a half later.

---

[2] Although Acantha had filed a reissue application, the '291 patent remained active and enforceable until the '008 patent issued in 2011. *See* 35 U.S.C. § 252. Moreover, claims 1-28 of the '008 patent are identical to the claims of the '291 patent.

To date, the only things that have happened in this case are the filing of the Complaint and Defendants' Motion to Dismiss. The parties have not conducted a Rule 26(f) conference. The Court has not scheduled a case management conference. The parties have not exchanged initial disclosures or produced any documents. No interrogatories have been propounded and no depositions have been taken. Indeed, discovery is not even open yet. No trial date has been set.

On December 14, 2015, DSS filed three petitions with the PTAB requesting IPR of the '008 patent.[3] Under the PTAB rules, the patent owner has three months from the Board's notice according a filing date to file a preliminary response opposing IPR. 35 U.S.C. § 313; 37 C.F.R. § 42.107(b). The Board typically issues such notices within two to three weeks of the filing of the petition. Thus, Acantha's preliminary responses will likely be due on or around April 4, 2016. The PTAB has three months after the patent owner files its preliminary response to determine whether IPR will be instituted. 35 U.S.C. § 314(b). Thus, under the timetable mandated by statute, the PTAB will rule on whether to grant DSS' requests for IPR by early July, 2016.

## II.   APPLICABLE LEGAL STANDARDS

A district court has the inherent power to manage its own docket and may use its authority to stay proceedings pending conclusion of the Patent Office's review of a patent. *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008) (citing

---

[3] Because of the excessive number of claims in the '008 patent (105 claims in total, the vast majority of which were added during reissue), DSS has filed three separate petitions challenging the '008 patent. The first petition challenges claims 1-5, 9-22, and 29-37. The second petition challenges claims 44-54 and 101-105. The third petition challenges claims 59-91. Acantha's complaint does not allege which claims of the '008 patent it believes Defendants infringe. However, in pre-litigation discussions, Acantha identified the claims it asserts against Defendants. The three petitions, in combination, challenge all of the asserted claims, as well as other, additional claims.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). District courts should exercise discretion when evaluating requests to stay to ensure that a stay is not indefinite or otherwise excessive. *Fellowes, Inc. v. Aurora Corp. of Am.*, No. 07 C 7237, 2009 U.S. Dist. LEXIS 9595, at *3 (N.D. Ill. Feb. 10, 2009) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983)). However, when "a substantial issue of patentability is raised in the re-examination matter, a stay is [a] viable mechanism to prevent wasted effort." *Id*. (citing *Procter & Gamble Co.*, 549 F.3d at 849).[4]

Courts typically consider three factors when determining whether to grant a stay pending IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Sec. People, Inc. v. Ojmar US, LLC*, No. 14-cv-04968-HSG, 2015 U.S. Dist. LEXIS 70011, at *4 (N.D. Cal. May 29, 2015); *see also Generac Power Sys. Inc. v. Kohler Co.*, 807 F. Supp. 2d 791, 796 (E.D. Wis. 2011).

### III. DEFENDANTS' MOTION FOR A STAY SHOULD BE GRANTED

#### A. The Requested Stay Will Reduce The Burden Of Litigation On The Parties And The Court.

Staying this case now will reduce the burden of litigation on the parties and the Court. Courts often grant stays pending IPR when the litigation is in its early stages. *See, e.g., Evolutionary Intelligence, LLC v. Facebook, Inc.,* Nos. C13-4202SI, C13-4204SI, 2014 U.S. Dist.

---

[4] The America Invents Act created the IPR process to reduce the cost and time required to review patents for validity at the request of third parties as compared to the previous *inter partes* reexamination process. *Smart Modular Techs., Inc. v. Netlist, Inc*., No. 2:12-CV-02319-TLN-EFB, 2013 WL 2384342, at *5-*6 (E.D. Cal. May 30, 2013). Because the substantive purpose of IPR is the same as reexamination, decisions evaluating motions to stay pending reexamination are instructive in this context.

LEXIS 9149, at *5-*6 (N.D. Cal. Jan. 23, 2014) (granting stay and finding the case was in its infancy when plaintiff had taken discovery on venue and served infringement contentions and interrogatories, but the claim construction hearing, discovery deadlines, and trial date had not yet been set); *Intellectual Ventures II LLC v. Huntington Bancshares, Inc.*, No. 2:13CV00785, 2014 U.S. Dist. LEXIS 78753, at *8-*9 (S.D. Ohio June 10, 2014) (granting a stay when some discovery had been conducted, but the court had not held a claim construction hearing and the trial was over a year away); *Select Brands v. Sensio, Inc.,* No. 13-2108-KHV-GLR, 2013 U.S. Dist. LEXIS 172914, at * 2 (D. Kan. Sept. 27, 2013) (granting stay when case was "in its early stages").

"A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery." *Finjan, Inc. v. Symantec Corp.,* No. 14-CV-02998-HSG, 2015 U.S. Dist. LEXIS 138561, at *6 (N.D. Cal. Oct. 9, 2015). Here, this case is plainly in its infancy. The Defendants have filed a Motion to Dismiss. That is all that has happened. The parties have not had a Rule 26(f) conference. The Court has not had a scheduling conference or entered a schedule. Discovery has not even begun. Indeed, this court has previously granted a stay pending reexamination when the litigation was in a similarly early stage. *See Generac Power Sys.*, 807 F. Supp. 2d at 796 (granting stay where "the parties ha[d] not engaged in discovery, the Rule 16 scheduling conference ha[d] not been held, and no dates for discovery, claim construction proceedings, or the trial ha[d] been established").

This case should be stayed now before the Court and the parties expend any effort or resources to litigate the same issues that are being presented to the PTAB for review. If the stay is denied and the case moves forward, the parties and this Court would spend significant time and resources construing terms in patent claims that could be found invalid by the PTAB – time

5

and resources that could be especially substantial given that the '008 patent contains 105 claims spanning six pages of the patent. The parties would spend significant sums on discovery for claims and issues that could ultimately become moot. Because the entire foundation underlying this case is subject to change as a result of the IPRs, it does not make sense to spend time and money on issues that may not exist after the PTAB completes its review. *Audio MPEG, Inc. v. Hewlett-Packard Com.*, No. 2:15CV73, 2015 U.S. Dist. LEXIS 126014, at *15 (E.D. Va. Sept. 15, 2015) (finding that case was in its infancy where the court had "not had a scheduling conference or set dates for trial, the Markman hearing, or discovery," and that "such an early stage" of the litigation "heavily favors granting a stay"); *Select Brands,* 2013 U.S. Dist. LEXIS 172914, at *2 ("To now proceed further with this case could readily require the parties to engage unnecessarily in expensive, duplicated discovery and pretrial procedures.").

Thus, this factor weighs heavily in favor of granting Defendants' requested stay.

**B.  The Requested Stay Will Simplify The Issues And Streamline Any Trial.**

The requested stay will very likely simplify the issues for trial. While IPR is still a relatively new procedure, Patent Office statistics show that, as of October 31, 2015, 70.5% of requests for IPR have been granted, at least in part. (*See* Exhibit A, Slide 7.) Further, of those instituted IPR proceedings that have reached a final written decision, the PTAB invalidated some or all of the claims in 86.3% of them. (*Id*. at Slide 9.)

Courts routinely stay litigation when the IPR is likely to simplify the issues, and often do so ***before*** IPR has been instituted because of the high likelihood that review will be granted, and because the stay will be short in the relatively few instances where the requested IPR is not instituted. *See, e.g.*, *PersonalWeb Techs., LLC v. Facebook, Inc.*, Nos. 5:13CV01356, 01358, 01359, 2014 U.S. Dist. LEXIS 4095, at *17 (N.D. Cal. Jan. 13, 2014) (finding that four-month delay before PTO's institution decision would issue was "relatively short" and did not outweigh

6

anticipated simplification of issues); *Delphix Corp. v. Actifio, Inc.*, No. 13CV04613-BLF, 2014 U.S. Dist. LEXIS 160372, at *8 (N.D. Cal. Nov. 13, 2014) ("At a minimum, instituting a brief, limited stay of approximately five months to see whether and how the PTAB will act on Defendant's IPR petitions will conserve judicial resources and avoid inconsistent results."); *Transocean Offshore Deepwater Drilling, Inc. v. Seadrill Ams., Inc.*, No. H-15-144, 2015 U.S. Dist. LEXIS 143855, at *13-14 (S.D. Tex. Oct. 22, 2015) (rejecting "the notion that litigation should not be stayed solely because an IPR has not yet been instituted"). Many other courts have come to the same conclusion. *See IXI Mobile (R&D) Ltd. v. Samsung Elecs. Co.*, Nos. 15-CV-03752, 03754, 03755, 2015 U.S. Dist. LEXIS 153465, at *10-12 (N.D. Cal. Nov. 12, 2015); *DSS Tech. Mgmt. v. Apple, Inc.*, No. 14-CV-05330-HSG, 2015 U.S. Dist. LEXIS 57704, at *8-10 (N.D. Cal. May 1, 2015); *P&G v. CAO Group, Inc.*, No. 1:13CV337, 2014 U.S. Dist. LEXIS 98739, at *5 (S.D. Ohio July 21, 2014); *Evolutionary Intelligence,* 2014 U.S. Dist. LEXIS 9149, at *12-*13; *Intellectual Ventures II LLC v. U.S. Bancorp,* No. 13-2071 (ADM/JSM), 2014 U.S. Dist. LEXIS 153638, at *19-21, (D. Minn. Aug. 7, 2014); *e-Watch, Inc. v. Flir Sys.*, No. H-13-0638, 2013 U.S. Dist. LEXIS 133106, at *1 (S.D. Tex. Aug. 8, 2013); *Black & Decker v. Positec USA, Inc.*, No. 13C3075, 2013 U.S. Dist. LEXIS 153795, at *4 (N.D. Ill. Oct. 1, 2013); *Select Brands*, 2013 U.S. Dist. LEXIS 172914, at *2; *Software Rights Archive, LLC v. Facebook, Inc.*, Nos. C-12-3970, 3971, 3972, 2013 U.S. Dist. LEXIS 133707, at *13 (N.D. Cal. Sept. 17, 2013); *Grobler v. Sony Computer Entm't Am. LLC*, No. 12-cv-01526-JST, 2013 U.S. Dist. LEXIS 187625, at *1 (N.D. Cal. June 6, 2013).

The court in *Sec. People, Inc.* recently addressed the appropriateness of a stay before the PTAB has decided whether to institute a trial. In granting the requested stay, and finding that this factor weighed "heavily" in favor of doing so, the court explained:

> First, "it is not uncommon for [courts] to grant stays pending reexamination prior to the PTO deciding to reexamine the patent." Either party may file a motion to lift the stay if any part of the petitions for IPR are denied—so "any concern that the motion[] [is] premature is alleviated by the short time frame of the initial stay and the Court's willingness to reevaluate the stay if inter partes review is not instituted for all of the asserted claims."
>
> . . . The Court finds that this factor also weighs heavily in favor of granting the stay. If instituted, IPR is likely to greatly simplify the case. Were the Court to deny the stay until a decision on institution is made, the parties and the Court would expend significant resources on claim construction proceedings that could eventually be mooted by the IPR decision. The Court finds that staying the case pending the PTO's decision whether to institute IPR is the most efficient use of resources.

*Sec. People, Inc., LLC*, 2015 U.S. Dist. LEXIS 70011, at *7-9 (internal citations omitted); *see also Finjan*, 2015 U.S. Dist. LEXIS 138561 at 10-11 (granting stay and finding that "staying the case pending the PTO's decision whether to institute IPR is the most efficient use of resources at this juncture").

Similarly here, staying this case pending the PTAB's decision on institution is the most efficient use of resources. It is likely that the PTAB will institute IPR of the '008 patent. *See* Ex. A. And, if the PTAB reviews the claims, the odds are even higher that some or all of the claims will be invalidated. *Id*. As described above, many courts have found a stay appropriate while the PTAB decides whether to institute IPR. Moreover, DSS has sought IPR of every claim in the '008 patent that Acantha has asserted, as well as other, additional claims. When every asserted claim is at issue in the IPR petition, courts have found that granting a stay pending IPR is "particularly" likely to simplify the case. *See, e.g.*, *IXI Mobile*, 2015 U.S. Dist. LEXIS 153465, at *7, 9-10 (granting stay where defendants had filed petitions challenging "each asserted claim in all three patents at issue"); *Audio MPEG*, 2015 U.S. Dist. LEXIS 126014, at *8

8

("The 'simplification factor weighs heavily in favor of the stay' when the petitioner challenges all patent claims brought by the plaintiff").

A determination regarding the validity of the '008 patent claims will necessarily affect the resolution of Acantha's patent infringement claims — the only claims at issue in this litigation. *Huntington Bancshares*, 2014 U.S. Dist. LEXIS 78753, at *10. ("It is beyond serious dispute that a stay of this litigation will simpl[if]y the issues in adjudicating Count V [for patent infringement] of Plaintiff's Complaint."); *U.S. Bancorp,* 2014 U.S. Dist. LEXIS 153638, at *20 ("If the PTAB cancels all of the asserted claims, this would likely eliminate the need for the parties to litigate them.") (citation omitted). Thus, the PTAB proceedings will almost undoubtedly change the foundation for this lawsuit and will very likely simplify the issues for trial. At worst, the PTAB will decline to institute IPR of the '008 patent, and progress in this case will have been delayed for only a few months.

Finally, staying the litigation until the completion of the IPRs will prevent the possibility of inconsistent rulings related to the invalidity of the '008 patent. Indeed, the court in the Western District of Wisconsin was recently faced with such an issue. In *Ultratec, Inc. v. Sorenson Commc'ns., Inc.*, No. 3:13-cv-00346-bbc, 2015 U.S. Dist. LEXIS 62561, at *5 (W.D. Wis. May 13, 2015) the defendants filed petitions for IPR on all of the asserted patents approximately four months after the case was filed. The defendants then moved to stay the case pending IPR. *Id*. The court denied the defendants' motion, finding that the potential benefits of a stay were too speculative. *Id*. As a result, the litigation and IPRs proceeded in parallel. After trial in October 2014, the jury found that the patents-at-issue were valid and infringed. *Id*. at *6. However, in March 2015, while numerous post-verdict motions were still pending, the PTAB issued final written decisions finding that all but one of the claims asserted in the litigation was

9

invalid.  *Id*.  These decisions directly conflicted with the previous jury verdict.  Recognizing that the invalidity of the asserted claims would potentially moot all of the pending issues in front of it, the court has now stayed the litigation, including enforcement of the judgment and entry of an injunction, pending the appeal of the IPR decisions.  *Id*. at *15.  In fact, the PTAB has since found that the only remaining asserted claim is also invalid.  *CaptionCall, LLC v. Ultratec, Inc.*, IPR2014-00780, Paper No. 35 (Dec. 1, 2015).  Thus, enormous time and expense would have been avoided if the court had stayed the case in the first instance.  Here, staying the case now would prevent the possibility of similarly inconsistent rulings, and would prevent the parties and the court from needlessly litigating issues that may become moot.

At the end of the day, the relevant inquiry "is not whether the IPR would completely resolve the case, but rather whether it could make this litigation simpler and more efficient." *Huntington Bancshares,* 2014 U.S. Dist. LEXIS 78753, at *12-*13 (citation omitted).  Because determination of the validity of the '008 patent will undoubtedly simplify this case, could possibly resolve it completely, and will eliminate the possibility of inconsistent rulings, this factor weighs heavily in favor of granting the stay.

### C. The Requested Stay Will Not Prejudice or Disadvantage Acantha.

Finally, Defendants' requested stay will not prejudice or disadvantage Acantha. Preliminarily, in considering whether the requested stay will prejudice or disadvantage the non-moving party, it is important to note that not just any prejudice will suffice to defeat a motion to stay.  "[T]he proper question is whether it will be *unduly* prejudiced."  *CAO Group*, 2014 U.S. Dist. LEXIS 98739 at *3 (emphasis in original).

When the patent owner is a non-practicing entity or licensor, a stay will not cause undue prejudice.  "[C]ourts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement." *Evolutionary*

10

*Intelligence LLC*, 2014 U.S. Dist. LEXIS 9149, at *12-*13 (citation omitted).  As one district court explained, "the availability of monetary damages can ameliorate potential undue prejudice, especially where the non-moving party has not explained why money damages are not an adequate remedy."  *U.S. Bancorp,* 2014 U.S. Dist. LEXIS 153638, at *17 (citation omitted).

Moreover, a patent owner's claim of undue prejudice is seriously undermined if it has not sought a preliminary injunction to stop the alleged infringement.  *Radio Sys. Corp. v. E. Mishan & Sons, Inc.*, No. 3:13-cv-383, 2014 U.S. Dist. LEXIS 65975, at *7–*8 (E.D. Tenn. Mar. 28, 2014) (noting that the Plaintiff's failure to seek a preliminary injunction "suggests that any prejudice to Plaintiff[s] that might result from delaying the ultimate resolution of this dispute is not as severe as [Plaintiff] contends.") (citation omitted); *see also Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 U.S. Dist. LEXIS 186322, at *10 (C.D. Cal. Dec. 19, 2012) (noting that the parties were competitors and the patent owner did not seek preliminary injunction); *Pac. Bioscience Labs., Inc. v. Pretika Corp.*, 760 F. Supp. 2d 1061, 1067 (W.D. Wash. 2011) ("PBL has not sought any form of preliminary injunctive relief in this action, which further undermines its position and suggests that a stay would not be unduly prejudicial.") (citation omitted).

Finally, courts hold that the delay inherent in waiting for review at the Patent Office is not, by itself, *undue* prejudice.  As one court explained, "While some prejudice to Plaintiffs is inherent in any delay, this alone is not sufficient to prevent a stay.  If it were, few if any patent cases would be stayed pending reexamination by the PTO."  *Allied Erecting and Dismantling Co. v. Genesis Equip. and Mfg., Inc.*, No. 4:08CV589, 2010 U.S. Dist. LEXIS 92851, at *6–*7 (N.D. Ohio Aug. 16, 2010); *see also Evolutionary Intelligence,* 2014 U.S. Dist. LEXIS 9149, at *10; *Software Rights Archive*, 2013 U.S. Dist. LEXIS 133707, at *18 ("SRA's assertions of

11

prejudice based on delay alone are merely speculative."); *Radio Sys. Corp.*, 2014 U.S. Dist. LEXIS 65975, at *6 ("[T]he length of the reexamination process does not counsel against a stay, because 'delay inherent to the reexamination process does not constitute, by itself, undue prejudice.'") (citation omitted); *Sonics, Inc. v. Arteris, Inc.*, No. C11-05311SBA, 2013 U.S. Dist. LEXIS 17524, at *10 (N.D. Cal. Feb. 8, 2013) (noting that "courts have refused to find undue prejudice based on delay caused by the reexamination process") (citation omitted).

Here, Acantha cannot credibly contend that it would be unduly prejudiced or disadvantaged by the requested stay. *First*, Acantha is not a competitor in the field. If Defendants are found liable for patent infringement, Acantha can and will be fully compensated by the payment of money damages.

*Second,* Acantha has not shown any urgency in bringing this case. *Ignite USA, LLC v. Pac. Mkt. Int'l, LLC*, No. 14C856, 2014 U.S. Dist. LEXIS 73412, at *7 (N.D. Ill. May 29, 2014) (citing the non-movant's own delay in pursuing its claims as a further indication "that Ignite will not suffer undue prejudice from a stay.") (citation omitted). The '291 patent issued in 2001. The accused products were first sold in 2005. Acantha asserts that it had licensing discussions with individuals from a predecessor of a named Defendant in 2006, at a time when both the '291 patent was in force, and the products Acantha now accuses of infringement were being sold. Yet, Acantha did not file any lawsuit. The '008 reissue patent issued in December 2011. Even then, despite the fact that the allegedly infringing products were still being sold, Acantha chose to wait more than two years — until early 2014 — to contact someone about alleged infringement of the '008 patent. Acantha then waited another year and a half — until October 2015 — to file the instant lawsuit. Acantha has displayed *no* urgency in having this dispute resolved.

This case is, in all respects, very much like *Ignite*. There, the movant sought to stay the case in its early stages. *Id.* at *4-5 ("a scheduling conference has not been set, and, accordingly, no scheduling order is in place. The parties have not conferred about a joint scheduling report and no discovery has begun"). Here, Defendants are moving to stay at the same early stage of the litigation, immediately after responding to the Complaint. Indeed, given Defendants' motion to dismiss, it is fair to say that this case has not yet begun. Also like in *Ignite*, Acantha failed to seek any type of preliminary injunctive remedy once the '008 patent issued. *Id.* at *8-9. In *Ignite*, the patent owner delayed filing suit for two years. *Id.* at *8. Here, Acantha has waited even longer. A central issue in this case is the validity (or lack thereof) of Acantha's patent and that issue will almost certainly be decided in the IPRs. Acantha cannot claim it will be prejudiced by having this litigation stayed while that issue is resolved.

*Third*, DSS promptly sought IPR of the '008 patent. Acantha served DSS with its complaint for patent infringement on October 23, 2015. The '008 patent was pending before the Patent Office for more than eight years. As a result, its file history is voluminous. Additionally, the '008 patent contains an inordinate number of claims (105 total claims). DSS carefully reviewed this record, including all of the claims, and determined that IPR was appropriate. DSS then filed *three* petitions for IPR with the PTAB *less than two months* after being served with Acantha's complaint, and before any substantive actions have taken place in this case. DSS did not unreasonably delay filing its request for IPR. *Ignite*, 2014 U.S. Dist. LEXIS 73412 at *6 ("The fact that PMI is seeking a stay at the earliest stage of the litigation diminishes the potential effect of any tactical disadvantage Ignite could face.") (citation omitted).

For all these reasons, this factor also weighs heavily in favor of granting the requested stay.

## IV. CONCLUSION

Because all of the relevant factors weigh heavily in favor of staying this litigation, Defendants respectfully request that this Court grant their motion to stay pending IPR.


Dated: December 14, 2015

Respectfully submitted,

/s/ *Patrick J. Norton*
John P. Fredrickson
**BOYLE FREDRICKSON**
840 North Plankinton Avenue
Milwaukee, WI 53203
Telephone: (414) 225-9755
Facsimile: (414) 225-9753
Email: jpf@boylefred.com

Calvin P. Griffith
Patrick J. Norton
Kenneth S. Luchesi
**JONES DAY**
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
Email: cpgriffith@jonesday.com
pjnorton@jonesday.com
kluchesi@jonesday.com

*Counsel for Defendants DePuy Synthes Sales, Inc., DePuy Synthes Products, Inc., DePuy Synthes, Inc., Johnson & Johnson, Synthes, Inc., Synthes USA, LLC, DePuy Orthopaedics, Inc. and DePuy Spine, LLC*