UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ACANTHA LLC,

        Plaintiff,

v.                                                   Case No.   15-C-1257

DEPUY ORTHOPAEDICS INC., et al.,

        Defendants.

## DECISION AND ORDER GRANTING ACANTHA'S OMNIBUS MOTION FOR PARTIAL SUMMARY JUDGMENT

In this action for patent infringement, Plaintiff Acantha LLC accuses Defendants DePuy Synthes Sales, Inc., DePuy Synthes Products Inc., DePuy Synthes Inc., Johnson & Johnson Inc., Synthes Inc., Synthes USA LLC, DePuy Orthopaedics Inc., and DePuy Spine LLC of infringing its patent, U.S. Reissued Patent No. RE43,008 (the '008 Patent). Presently before the court is Acantha's omnibus motion for partial summary judgment. Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Acantha seeks partial summary judgment of certain equitable defenses pled in Defendants' answer: waiver, unclean hands, laches, estoppel, acquiescence, and equitable intervening rights. Defendants do not oppose the motion with respect to their affirmative defenses of waiver, laches, estoppel, acquiescence, and equitable intervening rights. Accordingly, Acantha's motion will be granted with respect to these affirmative defenses.

Defendants do, however, oppose Acantha's motion with respect to its affirmative defense of unclean hands. Defendants assert that it recently came upon new evidence in November 2017 that would allow a reasonable jury to find that Acantha engaged in inequitable conduct during the reissue proceedings. More specifically, Defendants contend that a genuine issue of material fact exists in determining whether Acantha's failure to claim a non-biased stopping member in the original patent was actually an error and whether the inventors' statements were made with the specific intent to deceive the PTO.

Defendants argument that Acantha's conduct during the prosecution of the reissue application constitutes unclean hands advances a new theory that was not properly pled as an affirmative defense. By intertwining allegations of fraud within their unclean hands defense, Defendants have triggered the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) ("A claim that 'sounds in fraud'—in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements." (citation omitted)); *Zic v. Italian Gov't Travel Office*, 130 F. Supp. 2d 991, 999 n.8 (N.D. Ill. 2001) ("Although 'unclean hands' is an equitable defense that need not necessarily be plead [sic] with particularity, [the plaintiff's] first affirmative defense alleges that [the defendant's] hands are unclean because it acted 'fraudulently,' thus it invokes the heightened pleading requirement of Rule 9(b)."); *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2003 WL 1720073, at *5 (N.D. Ill. Mar. 31, 2003) ("If fraud is alleged under the doctrine of unclean hands, Rule 9(b) requires that the allegations of fraud include the particular circumstances involved, including the time, place, and specific contents of the alleged false representations or omissions."). In its amended answer, Defendants simply assert

2

that "Acantha's claims are barred in whole or in part by one or more of the doctrines of waiver, unclean hands, laches, estoppel, and/or acquiescence." ECF No. 84 at 11. Defendants have not pled this new unclean hands defense with particularity.

In addition, Defendants cannot now assert a new theory that has not been previously raised for the first time in opposition to Acantha's motion for summary judgment. It is well-settled that a plaintiff may not amend his complaint in response to a motion for summary judgment. *See Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 412 (7th Cir. 2009) (holding that the district court did not err by concluding that alternative basis for claims was waived by raising it for the first time during summary judgment proceedings); *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002) ("[A] plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment" (quotation omitted)). A defendant likewise may not assert an affirmative defense in a motion for summary judgment that was not properly pled. Because Defendants have neither taken the appropriate steps to add this theory to the case nor acted diligently to do so, the court will grant Acantha's motion for summary judgment on this defense. For these reasons, Acantha's omnibus motion for partial summary judgment (ECF No. 143) is **GRANTED**.

**SO ORDERED** this   25th   day of April, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
