# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| ACANTHA LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:15-cv-01257-WCG ) ) |
| DEPUY SYNTHES SALES, INC., DEPUY SYNTHES PRODUCTS, INC., DEPUY SYNTHES, INC., JOHNSON & JOHNSON, INC., SYNTHES, INC., SYNTHES USA, LLC, DEPUY ORTHOPAEDICS, INC., and DEPUY SPINE, LLC, | ) JURY TRIAL DEMANDED ) ) ) ) ) ) ) |
| Defendants. | ) |

## ACANTHA'S SUPPLEMENTAL BRIEF REGARDING DEFENDANTS' MOTION IN LIMINE NO. 3 [DKT. 229]

## I. ARGUMENT

At the pre-trial hearing, counsel for Defendants suggested that the testimony and expert report of Defendants' prior expert, Dr. Gering, was hearsay—citing two cases *SanDisk Corp. v. Kingston Tech. Co, Inc.*, 863 F. Supp. 2d 815 (W.D. Wisc. 2012) and *Kirk v. Yarmark Indus., Inc.*, 61 F.3d 147 (3d Cir. 1995). The Court indicated that it would consider additional briefing by Acantha to respond to these cases on whether an admission by an expert retained by a party in a previous case is admissible, either as an admission of a party opponent or an exception to the hearsay rules. The numerous cases Acantha cited in its opening response prove that it is.[1]

---

[1] *Samaritan Health Ctr. v. Simplicity Health Care Plan,* 459 F.Supp.2d 786, 799 (E.D. Wis. 2006) (expert report admitted pursuant to Rule 801(d)(2)(B), (C), and (D) for purposes of summary judgment); *In re Chicago Flood Litig.*, No. 93 C 1214, 1995 WL 437501, at *11 (N.D. Ill. July 21, 1995) ("A party's ... expert reports often constitute party admissions pursuant to Fed. R. Evid. 801(d)(2)."); *see also, e.g.*, *Clanton v. United States*, No. 15-CV-124-NJR-RJD, 2017 WL 2637795, at *12 (S.D. Ill. June 19, 2017) ("[T]he Court finds the deposition testimony of . . . the Government's retained expert witnesses, to be admissible under Rule 801(d)(2)(C) as a statement made by a person whom the [opposing] party authorized to make a statement on the subject.") (internal citation omitted); *Bone Care Int'l, LLC v. Pentech Pharm., Inc.*, Case No. 08-CV-1083, 2010 WL 3894444, at *10 (N.D. Ill. Sept. 30, 2010) (permitting use of deposition testimony of defendants' experts during Plaintiffs' case-in-chief under Rule 801(d)(2)(C)); *Bianco v. Hultsteg AB*, Case No. 05 C 0538, 2009 WL 347002, at *12 (N.D. Ill. Feb. 5, 2009) ("We agree that [the plaintiff's expert's] sworn testimony constitutes admissions by a party opponent within the meaning of Federal Rule of Evidence 801(d)(2), which [one of the defendants] may offer into evidence against plaintiff without running afoul of the Rule prohibiting admission of hearsay evidence."); *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1016 (9th Cir. 2008) ("[Plaintiff's expert's] testimony at the first bellwether trial was an admission of a party opponent under Federal Rule of Evidence 801(d)(2)(C). Plaintiff cannot now [in another trial] exclude trial testimony that she, herself, proffered."); *Glendale Fed. Bank, FSB v. United States*, 39 Fed. Cl. 422, 425 (Fed. Ct. Cl. 1997) (explaining that "FRE 801(d)(2)(C) applies to a person who is not an agent but is 'authorized' to speak" such as "independent experts brought in for trial"); *Dean v. Watson*, Case No. 93 C 1846, 1996 WL 88861, at *3 (N.D. Ill. Feb. 28, 1996) (permitting plaintiff to read portions of defense expert's deposition testimony as admissions under Rule 801(d)(2)(C)); *Collins v. Wayne Corp.*, 621 F.2d 777, 780–82 (5th Cir. 1980), superseded by rule on other grounds as noted in *Mathis v. Exxon Corp.*, 302 F.3d 448 (5th Cir. 2002) (district court erred in ruling defendant's expert's deposition testimony inadmissible pursuant to Federal Rule of Evidence 801(d)(2)(C) when, in giving his deposition, the expert performed the function the defendant had employed him to perform).

Defendants' newly raised authority does not provide any reason to depart from this majority rule. Indeed, in *SanDisk Corp. v. Kingston Tech. Co, Inc.*, 863 F. Supp. 2d 815 (W.D. Wisc. 2012), Judge Crabb implicitly approved the majority approach. While she excluded certain deposition testimony of an expert that a party had previously retained in another case, her reasoning reflects the relevant legal framework that confirms admissibility here. In canvassing the relevant authority, Judge Crabb acknowledged the persuasive authority that, although expert admissions are not *always* adopted simply by being retained as an expert and issuing a report, a party is deemed to adopt those admissions when the party affirmatively relies on them to prove a case at trial. *See id.* at 818-19 (describing *In re Hanford Nuclear Res. Lit.*, 534 F.3d 986 (9th Cir. 2008) and *Glendale Fed. Bank FSB v. United States*, 39 Fed Cl. 422 (Fed. Cl. 1997)). Although the *SanDisk* opinion is unclear as to whether or not the excluded deposition testimony was formally adopted by the party against whom it would have been offered at trial, Judge Crabb never indicated disagreement with that line of authority. Instead, Judge Crabb's decision is best characterized as concluding that the offering party failing to explain *how* SanDisk had authorized the specific statements because it was clear that SanDisk had not "authorized [the expert] to speak on all matters." *SanDisk Corp.*, 863 F. Supp. 2d at 818. And while *Kirk v. Yarmark Indus., Inc.*, 61 F.3d 147 (3d Cir. 1995) does support Defendants' position, the weight of authority post-dating that case confirms that the 3rd Circuit is an outlier on this issue. The Court should reject that non-binding, minority approach because the weight of authority confirms that an expert's admissions are adopted and become agency admissions as soon as the party affirmatively relies on them to prove its case. *See supra* Note 1.

This rule makes complete sense. The rule looks to whether a statement is "authorized" by a party. It is absolutely true that an expert's opinion must reflect that expert's own independent assessment of the issue. But that is not the end of the analysis. While an expert must provide his or her own independent opinion, the *party* has complete discretion whether to

*adopt* it and *proffer* it as affirmative proof at trial. For example, the party can receive an independent opinion of a retained expert and decide never to disclose it. Even if the opinion is disclosed, the party has discretion concerning whether to call the expert or not. And because the party is aware of the issues in the case and the expert's opinions because the opinions had to be disclosed under the federal rules, the party makes an affirmative choice, prior to trial, to rely on and adopt those opinions in order to prove or defend its case. In doing so, the party is adopting and authorizing those opinions as its own.

This principle is illustrated plainly in the *Glendale Federal Bank, FSB v. United States* decision. There, the court wrote:

> The expert witness, testifying under oath, is expected to give his own honest, independent opinion. Even at the time of his deposition he remains autonomous. . . . ***By the time the trial begins, we may assume that those experts who have not been withdrawn are those whose testimony reflects the position of the party who retains them***. . . . At the beginning of trial we may hold the parties to a final understanding of their case and ***hence an authorization of their expert witnesses*** who have not been withdrawn. At this point when an expert is put forward for trial it is reasonable and fair to presume that they have been authorized.

39 Fed. Cl. 422, 424–25 (1997); *see also In re Hanford Res.*, 534 F.3d at 1016 (finding authorization because plaintiff had presented the expert opinion at previous trial and holding that "[p]laintiff cannot now exclude testimony that she, herself, proferred"); *Durham v. Cty. of Maui*, 804 F. Supp. 2d 1068, 1072 (D. Haw. 2011) (indicating that Plaintiffs had choice whether to adopt expert's opinion at a later time, implying that affirmative reliance on that opinion would constitute authorization); *Barnett v. Hidalgo*, 478 Mich. 151, 162, 732 N.W.2d 472, 479 (2007) ("An independent expert who is not withdrawn before trial is essentially authorized by the plaintiff to make statements."). Here, the admissions Acantha seeks to offer at trial are the statements of Defendants' retained expert that Defendants authorized, adopted, and presented at

3

trial. Under the majority rule governing this issue, Defendants authorized those statements, and they are not hearsay.

Notably, this rule does not depend on whether the expert's opinions were offered in the same case or a different one. The evidentiary rule is clear: if a statement is authorized by a party, it is not hearsay. FED. R. EVID. 801(d)(2)(C). Authorization cannot be withdrawn after the fact. If that was the case, nothing would ever be admitted under the rule because a party would always withdraw its prior authorization to avoid dealing with damning admissions. If a statement was authorized by a party at the time it was made or adopted by the party after it was made, that statement is not hearsay—period—regardless of whether the statement is offered in the same or a different case. *See Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996) ("[A] statement made in one lawsuit . . . can be *evidence* in [an]other lawsuit."); *accord Universal Am. Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1142 (5th Cir. 1991) (admissions in a previous litigation "may be admissible in the district court over hearsay objection, as statements of a party opponent").[2]

In any event, even if the Court adopts the minority rule, this does not mean that Defendants' motion should be granted. While Acantha believes that these materials can and should be offered for the truth of the matters asserted in them, Acantha also intends to use them for purposes of impeachment of Defendants' currently retained expert. Regardless of whether the facts discussed by Dr. Gering are in fact true, the fact that they were made in connection with other similar litigation and are markedly inconsistent with Defendants' opinions in this case

---

[2] To the extent the *SanDisk Corp.* held that expert admissions are adopted only for the case in which they are offered, it is not correctly decided. Any person that is authorized to speak on a topic on behalf of a party is making an authorized statement that is non-hearsay under the rule. That statement cannot become unauthorized simply because an opponent seeks to use it in another context; it makes no sense to hold that a party authorizes statements only to the extent it benefits them in a particular case, and a party that wishes to run from its expert's opinions should have never chosen to rely on them as affirmative proof at trial.

impugns Defendants' expert opinions in this case as unreasonable, poorly considered, and biased regardless of whether Dr. Gering's statements were in fact correct. In this circumstance they are not inadmissible under any hearsay rule because they are not offered for the truth of the matters asserted in Dr. Gering's statements. For this reason, too, Defendants' motion should be denied.

## II. CONCLUSION

For the reasons stated above, Defendants' motion in *limine* should be denied.

Dated: May 16, 2018

Respectfully submitted,

**CALDWELL CASSADY & CURRY P.C.**

*s/ Bradley W. Caldwell*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email: acurry@caldwellcc.com
Christopher S. Stewart
Texas State Bar No. 24079399
Email: cstewart@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849


T. Wickham Schmidt
Wisconsin State Bar No. 1062002
Email: wschmidt@dkattorneys.com
**DAVIS & KUELTHAU, S.C.**
318 S. Washington Street, Suite 300
Green Bay, WI 54301
Telephone: (920) 431-2226
Facsimile: (920) 431-2266

**ATTORNEYS FOR PLAINTIFF ACANTHA, LLC**