UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ACANTHA LLC,

        Plaintiff,

v.                                                                Case No. 15-C-1257

DEPUY ORTHOPAEDICS INC., et al.,

        Defendants.

# ORDER

In this action for patent infringement, Plaintiff Acantha, LLC accuses Defendants DePuy Synthes Sales, Inc., DePuy Synthes Products, Inc., DePuy Synthes, Inc., Johnson & Johnson, Inc., Synthes, Inc., Synthes USA, LLC, DePuy Orthopaedics, Inc., and DePuy Spine, LLC of infringing its patent: U.S. Reissued Patent No. RE43,008 (the '008 Patent). The parties filed numerous motions *in limine* in anticipation of trial. Here the court memorializes the rulings made on the motions during the pretrial conference, held on May 16, 2018, and addresses the motions the court took under advisement.

**1. Acantha's motion *in limine* number 1**

Acantha seeks to exclude any argument, reference, or suggestion sounding in fraud or misrepresentation, or otherwise suggesting impropriety by Acantha during reissue proceedings. Acantha's motion is **GRANTED**, subject to Defendants' appropriate use of such evidence for impeachment of witnesses. To the extent Acantha believes this testimony goes beyond impeachment purposes, it may object and the court will address the issue at that time.

**2. Acantha's motion *in limine* number 2**

Acantha seeks to exclude any use, for any purpose, of prior art references not identified in Defendants' invalidity contentions. Defendants are directed to disclose the prior art references they intend to use to Acantha in advance. The parties may bring any remaining dispute they may have to the court's attention the day the prior art reference will be used. At that time, the court will issue a ruling.

**3. Acantha's motion *in limine* number 3**

Acantha seeks to exclude any argument or expert testimony that Defendants' elected prior art reference United States Patent No. 6,258,089 ("Campbell") is entitled to a priority date earlier than May 19, 1999. Specifically, Acantha seeks to prevent Defendants from entering the Campbell provisional application as an exhibit. During the final pretrial conference, the parties agreed that the issue will not be argued at trial absent a ruling on the evidentiary issue of admissibility.

**4. Acantha's motion *in limine* number 4**

Acantha seeks to exclude any use of Defendants' patents, and any argument that Defendants can avoid infringement because they have their own patents or licenses to some prior art. During the pretrial conference, the court concluded Defendants could not mention the fact that they own patents in their opening statement, though the court will reconsider this ruling on the morning of trial. In all other respects, Defendants are to alert Acantha in advance about the patents they intend to use. The parties may bring any remaining dispute they may have to the court's attention the day the patents will be referenced. The court will take the issue up in the context in which it arises during trial.

**5. Acantha's motion *in limine* number 5**

Acantha seeks to exclude any mention of Acantha dropping or electing to pursue fewer asserted claims of the '008 Patent or the court dismissing claims or defenses. The motion is **GRANTED**. The court precludes any discussion in front of the jury of the court's prior ruling requiring that Acantha pursue fewer asserted claims.

**6. Acantha's motion *in limine* number 6**

Acantha seeks to exclude any reference or suggestion to adverse financial or legal consequences that Defendants may experience as a result of the jury's verdict. The motion is **GRANTED**.

**7. Acantha's motion *in limine* number 7**

Acantha seeks to exclude any suggestion that the PTO is overworked or incompetent, or that otherwise tends to disparage the PTO. The motion is **GRANTED**, with the understanding that disparaging remarks cannot be made about the PTO. Acantha may object if it believes Defendants are attempting to introduce testimony, evidence, or argument that is disparaging.

**8. Acantha's motion *in limine* number 8**

Acantha seeks to exclude any suggestion that Acantha is litigious, a patent troll, or a non-practicing entity. The motion is **GRANTED**, with the understanding that Acantha may object if it believes Defendants are attempting to introduce testimony, evidence, or argument that is disparaging.

**9. Acantha's motion *in limine* number 9**

Acantha seeks to exclude arguments that are inconsistent with the court's claim construction or that contradict or relitigate the court's claim construction. The motion is **GRANTED** to the extent that it seeks to bar Defendants from arguing over claim construction. Acantha also seeks to

exclude evidence, argument, and testimony regarding indefiniteness, asserting that indefiniteness is a question of law and arguments regarding this issue should have been raised during claim construction. Defendants contend that the court did not rule on indefiniteness during the *Markman* hearing and suggest that indefiniteness can be a question for the jury. The court is unable to, in the abstract, define what evidence is admissible or inadmissible with respect to how a person with ordinary skill in the art may understand the claim terms. Therefore, the motion will be **DENIED** in this respect. Plaintiff is free to object at trial if Plaintiff believes Defendants' questions in this area are improper.

**10. Acantha's motion *in limine* number 10**

Acantha seeks to prevent Defendants from bolstering their corporate character by presenting evidence or argument regarding their alleged good character or reputation. The motion is **GRANTED** but only to the extent such evidence is not otherwise admissible. Defendants are certainly free to present general background evidence concerning who they are, where they are located, what their business is, and their size and history. Acantha may object if it believes Defendants are attempting to introduce testimony, evidence, or argument that goes beyond proper background information and is inappropriate.

**11. Defendants' motion *in limine* number 1**

Defendants seek to exclude testimony and evidence relating to the *inter partes* review (IPR) petitions as to the Patent-in-Suit filed by DePuy Synthes Sales, Inc., including the PTAB's denial of those petitions under Rules 402 and 403 of the Federal Rules of Evidence. Defendants maintain that Acantha should not be able to rely on evidence related to the IPR petitions to support its rebuttal of Defendants' obviousness and anticipation defenses because the PTAB's denial of the IPR petitions

4

is not a decision on the merits, it has no probative value, it is unfairly prejudicial to Defendants' invalidity case, and it results in jury confusion. Acantha asserts that Defendants' rejected IPR petitions are highly relevant because they were based on the same prior art combinations that Defendants intend to use to argue invalidity here. In addition, Acantha contends there is no prejudice that could not be cured by a jury instruction.

Although the Federal Circuit has not addressed this particular issue, some courts have concluded that evidence relating to IPR proceedings can be admitted along with a jury instruction explaining the different standards applied in court and IPR proceedings. *See, e.g.*, *StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc.*, No. 8:13-cv-2240, 2015 WL 3824208 (M.D. Fla. June 19, 2015); *Univ. Elecs., Inc. v. Univ. Remote Control, Inc.*, No. 12-00329, 2014 WL 8096334 (C.D. Cal. Apr. 21, 2014) ("Any potential confusion can be addressed by appropriate jury instructions on the standard of proof applicable to patent invalidity defenses and counterclaims."); *Oracle Am., Inc. v. Google Inc.*, No. 10-03561, 2012 WL 1189898 (N.D. Cal. Jan. 4, 2012). But a number of other courts, including courts in this circuit, have excluded evidence and argument related to the PTAB's denial of an IPR petition. *See, e.g.*, *Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, No. 14-CV-1296, 2017 WL 4570787 (E.D. Wis. Oct. 12, 2017) ("[T]here is no reason to show the jury that IPR was not instituted . . . . Thus, while Plaintiffs would like to argue to the jury that the Saft prior art was petitioned but not instituted by the PTAB, thereby suggesting it is inferior as prior art . . . this runs directly afoul of the Federal Circuit's views on IPR estoppel. Snap-On is allowed to rely on the Saft prior art and other petitioned but non-instituted grounds, and the PTAB's decision not to undertake a merits review of such grounds during IPR is immaterial."); *Wis. Alumni Res. Found. v. Apple Inc.*, 135 F. Supp. 3d 865 (W.D. Wis. 2015) ("Generally, this court agrees with [Defendant] and those

courts that have declined to admit evidence of non-dispositive IPR proceedings: any probative value of this evidence is substantially outweighed by the risk of unfair prejudice, as well as the risk of jury confusion."); *Ziilabs Inc., Ltd. v. Samsung Elecs. Co. Ltd.*, No. 2:14-cv-203, 2015 WL 13617214 (E.D. Tex. Oct. 28, 2015); *Interdigital Commc'ns Inc. v. Nokia Corp.*, No. 13-10-RGA, 2014 WL 12465431 (D. Del. Aug. 28, 2014) (IPR has "little or no probative value, and would require a lot of explanation for the jury to be able to understand.").

I find the reasoning in these cases and the weight of this latter authority to be persuasive. The danger of unfair prejudice in introducing evidence and testimony relating to the IPR proceedings is clear. As Judge Conley explained in *Wisconsin Alumni*,

> The IPR proceeding is subject to different standards, purposes and outcomes than both the original prosecution and this court proceeding. Not only is PTAB's decision not binding in these proceedings, the law is not even clear on whether and how much the PTAB's decision denying [Defendant's] request for review should affect the *weight* given to the two prior art references presented during the IPR proceedings. Although the court could attempt to provide instructions to the jury regarding the purpose and current standards applicable to the IPR proceeding, it would be difficult for a jury to understand, much less apply, the nuanced differences between the various proceedings and to determine how much weight should be given to PTAB's decision, if any. Instead, there is a great risk that the jury would conclude, incorrectly, that the Patent Office has twice held the #752 patent is nonobvious over prior art. Such a conclusion would likely unfairly prejudice the jury against Apple before being asked to decide the same question.

135 F. Supp. 3d at 874–75. In short, the court finds that parsing through the differences between court and IPR proceedings could create jury confusion that cannot be cured through a jury instruction. For these reasons, Defendants' motion (ECF No. 227) is **GRANTED**, and Acantha is precluded from introducing evidence related to the IPR proceedings.

**12. Defendants' motion *in limine* number 2**

Defendants further seek to exclude testimony and evidence relating to an out-of-court statement allegedly made by former DePuy Spine, Inc. employee Joe Ross. The Federal Rules of

6

Evidence provide that a statement, other than one made by the declarant while testifying at trial, that is offered to prove the truth of the matter asserted is inadmissible hearsay. Fed. R. Evid. 801(c). The out of court statement at issue here was made in 2006 by Ross at a meeting with Dr. Lloyd, one of the inventors of the '008 Patent. Dr. Lloyd will testify that Ross told him, "we believe that the Synthes Vectra system uses your IP." ECF No. 235-3 at 125:13–18. At the time Ross made the statement, DePuy and Synthes were competitors; Johnson & Johnson, DePuy's parent company, did not acquire Synthes until 2012, six years after this meeting. Ross' statement is offered to prove the truth of the matter asserted, that is, that a DePuy employee believed the Vectra product infringed the '008 Patent.

Acantha responds that this statement does not constitute hearsay because it is an admission of a party opponent under Federal Rule of Evidence 801(d)(2)(D). Statements "offered against an opposing party" and "made by the party's agent or employee on a matter within the scope of that relationship and while it existed" are not hearsay. Fed. R. Civ. P. 801(d)(2)(D). In this case, Acantha has not established that Ross' statement concerned a matter within the scope of his employment.

"Not everything that relates to one's job falls within the scope of one's agency or employment." *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 950 (7th Cir. 1998). Ross' statements bear no indicia of reliability as there is no evidence that he is qualified, through either his training or experience, to give a conclusion on patent infringement. The Seventh Circuit's decision in *Aliotta v. National Railroad Passenger Corp.*, 315 F.3d 756 (7th Cir. 2003), is instructive on this point. There, the Seventh Circuit noted that, while an employee may speak of facts he has gathered through his employment, he cannot draw conclusions from those facts. *Id.* at 762–63. In this case, Ross

7

cannot draw conclusions of infringement from facts he has obtained through his employment at DePuy. In other words, while Ross may have gathered general information about patents through his knowledge and experience as DePuy's World-Wide Vice President of New Business Development, the court cannot say that Ross' job entailed that he draw conclusions about the potential infringing conduct of DePuy Spine's competitors based on this information. In short, Rule 801(d)(2)(D) does not apply.

Acantha also argues that the statement is admissible under Federal Rule of Evidence 803(3) as a statement of Ross' belief that the Vectra product infringed the '008 Patent. But statements about belief are excluded from Rule 803(3). *See* Fed. R. Evid. 803(3) ("A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed."). Even if the statement were admissible for a limited purpose, however, the statement would be excluded under Federal Rule of Evidence 403. To the extent that the statement is relevant, the court finds that the danger of unfair prejudice substantially outweighs any probative value it might have. Given the circumstances in which the statement was made, it is unclear whether Ross really believed Synthes' product infringed the '008 Patent or if he was disparaging a competitor. Therefore, Defendants' motion (ECF No. 228) is **GRANTED**, and Acantha is precluded from introducing testimony relating to Ross' out-of-court statement.

**13. Defendants' motion *in limine* number 3**

Defendants also seek to exclude testimony and evidence relating to the *Synthes v. Globus* litigation, including the 2013 jury verdict, the 2016 settlement agreement, and any other documents

related to that litigation. As an initial matter, Defendants' request as to the jury verdict, judgment, and settlement agreement is moot, as Acantha has removed those items from its exhibit list based on the court's decision on Defendants' *Daubert* motion. *See* ECF No. 215.

Acantha nevertheless intends to introduce the testimony and expert report of Dr. Gering, Defendants' expert in the *Globus* litigation. Defendants assert that this testimony is inadmissible hearsay. In response, Acantha cites to numerous cases for the proposition that a defendant's expert report does not constitute hearsay because it is an admission by a party opponent pursuant to Federal Rule of Evidence 801(d)(2)(C), which provides that a statement is not hearsay if it is offered against an opposing party and "was made by a person whom the party authorized to make a statement on the subject." Fed. R. Evid. 801(d)(2)(C). But these cases do not support Acantha's position that an expert report created in a *previous* case qualifies as an admission of a party opponent or meets any hearsay exception in a current, unrelated case. *See, e.g.*, *Samaritan Health Ctr. v. Simplicity Health Care Plan*, 459 F. Supp. 2d 786 (E.D. Wis. 2006) (court allowed plaintiff to proffer expert report prepared by defendant's expert in that case in support of plaintiff's motion for summary judgment); *In re Chi. Flood Litig.*, No. 93-C-1214, 1995 WL 437501 (N.D. Ill. July 21, 1995) (finding that defendant "cannot be precluded from employing plaintiffs' experts or pleadings [in this case] to demonstrate Great Lakes' negligence"); *Clanton v. United States*, No. 15-CV-124, 2017 WL 2637795 (S.D. Ill. June 19, 2017) ("[T]he Court finds the deposition testimony of Dr. Swirsky, one of the Government's retained expert witnesses [in this case], to be admissible under Rule 801(d)(2)(C) as a statement 'made by a person whom the [opposing] party authorized to make a statement on the subject.'"); *Bone Care Intern., LLC v. Pentech Pharm., Inc.*, No. 08-cv-1083, 2010 WL 3894444 (N.D. Ill. Sept. 30, 2010) (holding that plaintiffs could use deposition testimony of

9

defendants' experts during plaintiffs' case-in-chief); *Bianco v. Hultsteg AB*, No. 05-C-0538, 2009 WL 347002 (N.D. Ill. Feb. 5, 2009) ("[Plaintiff's expert's] sworn testimony [from his deposition in this case] constitutes admissions by a party opponent . . . which Dial may offer into evidence against plaintiff . . . ."); *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986 (9th Cir. 2008) (holding that when a case is retried, expert's prior causation testimony in the first trial may be used in the second trial).

Though Defendants may have authorized Gering to speak on their behalf in *Globus*, Defendants never proffered his testimony in this case, and as a result, the court does not find that Defendants authorized Gering to speak for them now. *See Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 164 (3d Cir. 1995) ("We are unwilling to adopt the proposition that the testimony of an expert witness who is called to testify on behalf of a party in one case can later be used against that same party in unrelated litigation . . . ."); *SanDisk Corp. v. Kingston Tech. Co., Inc.*, 863 F. Supp. 2d 815, 818–19 (W.D. Wis. 2012) (excluding expert testimony that was given in a separate case). Gering's testimony and report in *Globus* is thus inadmissible hearsay and will be excluded. Accordingly, Defendants' motion (ECF No. 229) is **GRANTED**.

**14. Defendants' motion *in limine* number 4**

Defendants seek to exclude disparaging evidence concerning Defendants as reflected in the news items Acantha marked as trial exhibits and that are referenced in Defendants' motion. This motion (ECF No. 230) is **GRANTED**, with the understanding that if Acantha later concludes a proper basis for admission exists, it will first bring the issue to the attention of Defendants and the Court outside the presence of the jury before seeking its admission or referring to it in argument.

**15. Defendants' motion *in limine* number 5**

Defendants seek to exclude evidence and argument regarding Defendants' overall revenue, profits, value, and other similar financial metrics. This motion (ECF No. 231) is **GRANTED**.

**16. Defendants' motion *in limine* number 6**

Defendants seek to exclude testimony and evidence concerning an alleged out-of-court statement by Stryker regarding a 25% royalty. This motion (ECF No. 232) is **GRANTED**, with the understanding that any reference to the royalty must first be approved by the court.

**17. Defendants' motion *in limine* number 7**

Defendants seek to exclude evidence and argument that the '008 Patent is entitled to a priority date before July 8, 1999, the filing date of the application which led to the '008 Patent. They assert that Acantha does not have the evidence that could establish an earlier priority date. To establish an earlier priority date, the plaintiff must show "conception coupled with reasonable diligence in reducing the invention to practice." *Singh v. Brake*, 317 F.3d 1334, 1340 (Fed. Cir. 2003). Although reduction to practice requires continuous diligence throughout the entire "critical period," "there need not necessarily be evidence of activity on every single day if a satisfactory explanation is evidenced." *Monsanto Co. v. Mycogen Plant Sci., Inc.*, 261 F.3d 1356, 1369 (Fed. Cir. 2009). Nevertheless, an inventor's "testimony regarding his reasonable diligence must be corroborated by evidence." *Perfect Surgical Techniques, Inc. v. Olympus Am., Inc.*, 841 F.3d 1004, 1007 (Fed. Cir. 2016) (citing *Brown v. Barbacid*, 436 F.3d 1376, 1380 (Fed. Cir. 2006)). This corroborating evidence must be considered "as a whole" under a rule of reason. *Id.* at 1008. At this point, the court will not prevent Acantha from introducing testimony and evidence to show that the

inventors were reasonably diligent in reducing the invention to practice. Accordingly, Defendants' motion (ECF No. 233) is **DENIED**.

**18. Motions to Restrict**

Both parties have filed motions to restrict certain documents related to their motions in limine. These motions (ECF Nos. 226, 241) are **GRANTED**.

**SO ORDERED** this   30th   day of May, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court